IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02808-CMA-BNB

SONYA KING,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the plaintiff's **Motion for Attorney's Fees** [Doc. # 1, filed 1/11/2012] (the "Motion").  I respectfully RECOMMEND[1] that the Motion be GRANTED and that the plaintiff be awarded her attorneys fees in the amount of $3,810.00.

The plaintiff filed her Notice of Acceptance of Defendant's Offer of Judgment Pursuant to Fed. R. Civ. P. 68 [Doc. # 7, filed 12/21/2011], accepting defendant's offer to allow judgment to enter against it in the amount of $1,001.00 plus "[p]laintiff's costs and reasonable attorneys' fees . . .; said fees and costs [as] agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion."  Defendant's Offer of Judgment [Doc. # 7-1] at ¶2.  The parties apparently could not agree, requiring the filing of the Motion.

The Motion includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiff's counsel's qualifications and

---

[1]Pursuant to Fed. R. Civ. P. 54(d)(2)(D), the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive matter."  Consequently, I may proceed only by recommendation and not by order.

experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in

Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is

the product of the number of attorney hours reasonably expended and a reasonably hourly rate."

Id.(internal quotations and citation omitted).

**1.      Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably

spent by counsel for the party seeking the fees.  The burden of proof lies with the prevailing

party seeking fees.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff's attorney, David Larson, has itemized the tasks performed and the time

required for each task in support of his fee claim.  The itemization reflects that Mr. Larson

claims a total of 12.7 hours of time expended in connection with this case.

The defendant disputes the reasonableness of the hours claimed, alleging that this is a

cookie cutter case essentially identical to a number of others filed by plaintiff's counsel against

this defendant.  I have reviewed the time itemization carefully, however, and note that the time

expended may be categorized as follows:

| | |
|---|---|
| • Initial meeting with client, review of materials, and draft complaint | 4.1 hours |
| • Review answer | 1.0 |
| • Court filings and administration | .9 |
| • Communications with client | 3.2 |
| • Communications with defendant | .6 |
| • Matters concerning offer of judgment | .6 |

| | |
|---|---|
| • Matters concerning taxation of costs | .5 |
| • Matters concerning attorneys fees | <u>1.8</u> |
| TOTAL | 12.7 |

When broken down in this manner, it is apparent that plaintiff's counsel was extraordinarily efficient in handling the case and bringing it to a prompt and successful resolution. I do not agree with the defendant that there are "excessive and duplicative entries. . . ." Response [Doc. # 12] at p. 11. Nor is the amount of time expended by Mr. Larson on client communications excessive. <u>Id</u>. at p. 12. First, a lawyer owes a duty to keep his client informed of the progress of the case. Consumer cases, like this one, frequently involve unsophisticated clients who require additional efforts by a lawyer to explain the workings of the judicial process. It is not unreasonable for plaintiff's counsel to have spent 3.2 hours communicating with his client. The defendant also asserts that the "itemization includes numerous entries which are clearly administrative in nature and should not be recovered. . . ." <u>Id</u>. at p. 13. I do not agree. In this age of the electronic preparation and filing of documents, it frequently is more efficient for a lawyer to make the electronic filings himself rather than delegate the task and subsequently review the docket to assure the status of the case. Accordingly, I find that all of the time claimed was reasonably necessary to obtain the judgment against Midland.

**2.      Reasonable Hourly Rate**

The plaintiff claims attorney fees at the rate of $300 per hour. The plaintiff bears the burden of establishing that the rate is reasonable. <u>Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.</u>, 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." <u>Id</u>.

The reasonableness of Mr. Larson's billing rate is supported by the Affidavit of Richard B. Wynkoop, Esq. [Doc. # 11-1] ("Wynkoop Aff."), which reports that the rate is equivalent to other lawyers in the community with comparable levels of experience and practicing in the same area. Id. at ¶6.  In addition, a court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable.  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing"in the relevant market).

Mr. Larson has been licensed to practice before the bar of this Court since 2001.  In that time, he reports that he has successfully resolved more than 1,300 cases involving the Fair Debt Collection Practices Act.  Motion [Doc. # 11] at p. 9.  I am familiar with Mr. Larson.  He was a pioneer in this district in developing a consumer practice, and he remains the premier lawyer in matters involving the FDCPA.  I am informed, as well, that Mr. Larson "is known nationally as a leading practitioner in the field of Fair Debt Collection Practices Act litigation and has taught at numerous national CLEs on the FDCPA."  Wynkoop Aff. [Doc. # 11-1] at ¶6.  I am familiar with the rates charged by lawyers in the metropolitan Denver area.  In my experience and based on the evidence before me, I find that the rate charged by Mr. Larson is consistent with the rates charged by lawyers with comparable skill and experience practicing in this market and is reasonable.

I am aware that other judges of this court recently have approved Mr. Larson's fee applications at the rate of $250 per hour.  Those decisions notwithstanding, I find that a rate of $300 is reasonable.

4

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred by the reasonable hourly rate charged by plaintiff's counsel results in the following:

**12.7 hours x $300.00 per hour = $3,810.00.**

I find that a fee of $3,810.00 is reasonable and appropriate in this case.

I respectfully RECOMMEND:

(1)     The Motion [Doc. # 11] be GRANTED; and

(2)     Plaintiff be awarded her reasonable and necessary attorney fees in the amount of $3,810.00.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 1, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge