**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02808-CMA-BNB

SONYA KING,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

---

**ORDER MODIFYING MARCH 1, 2012 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 3.) On March 1, 2012, Judge Boland issued a Recommendation (Doc. # 15), advising the Court to grant Plaintiff's "Motion for Attorney's Fees" (Doc. # 11). On March 14, 2012, Defendant timely filed "Objections to the Recommendation of United States Magistrate Judge" (Doc. # 16), to which Plaintiff responded on March 28, 2012 (Doc. # 18).[1]

When a magistrate judge issues a recommendation on a dispositive matter,[2] Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been

---

[1] Defendant also filed supplemental authorities (Docs. ## 17 and 22), as well as a reply brief (Doc. # 20) with permission from the Court.

[2] Motions for attorney's fees are treated as dispositive matters under Fed. R. Civ. P. 54(d)(2)(D).

properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the instant case, Defendant's objections call for the Court to modify Judge Boland's Recommendation by reducing: Plaintiff's hourly rate; compensation for administrative tasks; and fees for excessive work. (*See* Doc. # 16 at 7-8.) Having conducted a *de novo* review of this case, including carefully reviewing all relevant pleadings, the Recommendation, Defendant's objections, Plaintiff's response, Defendant's reply, and all authorities referenced therein, the Court determines that Defendant's objections have merit and require a modification of Judge Boland's Recommendation.

## I. **BACKGROUND**

Plaintiff filed a Complaint against Defendant in this Court on October 27, 2011, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. # 1.) Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68 (Doc. # 7-1), which Plaintiff accepted and filed with the Court on December 21, 2011 (Doc. # 7). On December 28, 2011, the Court entered judgment against Defendant for $1,001 plus Plaintiff's reasonable attorney's fees, costs, and post-judgment interest. (Doc. # 8.)

Plaintiff filed a motion for $3,810 in attorney's fees – at $300/hour for 12.7 hours – and "costs taxed by the Clerk of the Court in the amount of $420.00 plus post-judgment interest and any additional amounts as determined by the Court."

(Doc. # 11 at 11.)[3]  After the matter was fully briefed, Judge Boland recommended granting Plaintiff's motion for the total amount of fees requested. As mentioned, further briefing ensued, and the matter is now ripe for review.

## II. DISCUSSION

The starting point for calculating reasonable attorney's fees is determining the "lodestar amount" – *i.e.*, a reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  The lodestar "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A reasonable hourly rate is "the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018.  Counsel expends hours reasonably when he exercises the same "billing judgment" as would be appropriate in billing his own client. *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." (quotation marks, citation, and emphasis deleted)).  Counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*  Further, the party requesting fees has the burden of persuading the court that the hourly rate and the hours expended are both reasonable. *Malloy*, 73 F.3d at 1018.

---

[3] Defendant stipulated to Plaintiff's request for costs.  (Doc. # 9-1.)

**A.     HOURLY RATE**

Defendant first contends, and the Court agrees, that $300/hour is an unreasonable hourly rate and not in keeping with the prevailing market rate in the local community for lawyers of comparable skill, experience, and reputation. Numerous cases from this district have found that Plaintiff's counsel's reasonable rate is $250/hour.  *See White v. Cavalry Portfolio Servs., LLC*, No. 11-cv-02217, 2012 WL 899280, at *2 (D. Colo. Mar. 16, 2012) (unpublished) (collecting cases); *see also Varley v. Midland Credit Mgmt., Inc.*, No. 11-cv-02807, 2012 WL 2107969, at *1 (D. Colo. June 11, 2012) (unpublished) (citing *White* and reaching the same conclusion regarding hourly rate).  Also, for the reasons discussed in those cases, the Court is not persuaded by the affidavit submitted by Plaintiff in support of her motion for attorney's fees.  *See White*, 2012 WL 899280, at *2; *Varley*, 2012 WL 2107969, at *1 n.3.  In accordance with those decisions, and the well-reasoned opinions contained therein, the Court determines that the reasonable rate in this district for lawyers with skill and experience comparable to Plaintiff's counsel, performing similar work related to the Fair Debt Collection Practices Act, is $250/hour.

**B.     HOURS EXPENDED**

Defendant next contends that the number of hours Plaintiff's counsel spent on this case is unreasonable because some of the tasks for which billing occurred are administrative or clerical and because the total amount of time spent on the case was excessive.  Judge Boland determined that .9 of an hour was spent on court filings and administration but determined that such time is

reimbursable because "it is frequently more efficient for a lawyer to make the electronic filings himself rather than delegate the task and subsequently review the docket to assure the status of the case." (Doc. # 15 at 2-3.) However, the Court agrees with Defendant that filing documents and performing other administrative duties comprise the type of "purely clerical or secretarial tasks" that a lawyer cannot bill for at his regular rate. See *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Clawson v. Mt. Coal Co., L.L.C.*, No. 01-cv-02199, 2007 U.S. Dist. LEXIS 87499, at *25-32 (D. Colo. Nov. 28, 2007) (unpublished). Accordingly, the Court will subtract .9 from the total hours expended by Plaintiff's counsel.

As to Defendant's claim that the hours billed are excessive, the Court agrees but identifies only 1.8 hours as being duplicative, excessive, or both. As such, subtracting the amount of time spent on clerical and excessive/duplicative tasks from the total amount claimed by Plaintiff results in 10 hours having reasonably been expended in this case. See *Fox v. Vice*, 131 S. Ct. 2205, 2217 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy*, 73 F.3d at 1018 ("the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation" (quotation marks and citation omitted)).

**C.    LODESTAR AMOUNT**

Using the calculations previously discussed, the lodestar amount is $2,500 (10 times $250).  This figure is "presumptively reasonable."  See *Anchondo*, 616 F.3d at 1102.  Although, as noted above, the lodestar amount may be adjusted, no special circumstances for doing so exist in this case.  Accordingly, the Court concludes that $2,500 is a reasonable amount of attorney's fees and will award such an amount here.[4]

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. The Recommendation of Judge Boland (Doc. # 15), issued March 1, 2012, is MODIFIED as specified in this Order.

2. Defendant's objections (Doc. # 16) are SUSTAINED IN PART and OVERRULED IN PART as set forth herein.

3. Plaintiff's "Motion for Attorney's Fees" (Doc. # 11) is GRANTED IN PART to the extent that Plaintiff is entitled to $2,500 in attorney's fees and costs of $420, and DENIED in all other respects.

4. Plaintiff's attorney's fees, in the amount of $2,500, plus stipulated costs in the amount of $420, SHALL BE ADDED to the current judgment of $1,001 and post-judgment interest per the judgment (Doc. # 8).

---

[4] Plaintiff requests an additional $780 in attorney's fees for work performed after, but in furtherance of, her motion for attorney's fees. (*See* Docs. ## 14 at 10 and 18 at 4.)  Under the local rules, however, "[a] motion shall not be included in a response or reply to the original motion" but, rather, "shall be made in a separate paper."  D.C.COLO.LCivR7.1C.  As such, the Court's Order will not encompass Plaintiff's request.

DATED: August 17th, 2012.

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge