## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 11-cv-02808-CMA-BNB

SONYA KING,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

     Defendant.

---

## ORDER DENYING PLAINTIFF'S
## SUPPLEMENTAL MOTION FOR ATTORNEY FEES

---

This matter is before the Court on Plaintiff Sonya King's Supplemental Motion for Attorney Fees. (Doc. # 24.) For the reasons discussed below, the motion is denied.

### I. BACKGROUND

Plaintiff filed a Complaint against Defendant Midland Credit Management, Inc. on October 27, 2011, alleging that Defendant had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. # 1.) Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68 (Doc. # 7-1), which Plaintiff accepted and filed with the Court on December 21, 2011 (Doc. # 7). On December 28, 2011, the Court entered judgment against Defendant for $1,001 plus Plaintiff's reasonable attorney fees, costs, and post-judgment interest. (Doc. # 8.)

Significant briefing on fees then ensued, beginning with Plaintiff's January 11, 2012 Motion for Attorney Fees. (Doc. # 11.) In the motion, Plaintiff asked for $3,810 in fees – at $300/hour for 12.7 hours – and, as relevant here, "any additional amounts as

determined by the Court." (*Id.* at 11.)  Defendant responded to the motion on February 1, 2012 (Doc. # 12), and Plaintiff filed a reply on February 16, 2012 (Doc. # 14).  In her reply brief, Plaintiff requested an additional $780 in fees for: reviewing Defendant's response to Plaintiff's motion; drafting a reply to that response, and filing the reply with the Court.  (*Id.* at 10.)  On March 1, 2012, Magistrate Judge Boland recommended that the Court grant Plaintiff's motion, but he did not mention the additional $780 in fees Plaintiff had requested in her reply brief.  (*See* Doc. # 15.)  Defendant objected to the recommendation (Doc. # 16), to which Plaintiff responded (Doc. # 18).  In the response to Defendant's objection, Plaintiff again requested the same $780 in fees for work performed after, but in furtherance of, her January 11, 2012 motion.  (Doc. # 18 at 4.)  Plaintiff did not request any amount for time spent litigating the fees issue after filing her February 16, 2012 reply.  (*See id.*)

On August 20, 2012, the Court modified Judge Boland's recommendation and granted Plaintiff's motion in part, awarding her $2,500 in fees for 10 hours of work performed by her counsel at the rate of $250/hour.  (Doc. # 23 at 6.)  At the end of the order, the Court noted Plaintiff's request for $780 in additional fees but stated, "[u]nder the local rules . . . '[a] motion shall not be included in a response or reply to the original motion' but, rather, 'shall be made in a separate paper.'"  (*Id.* at 6 n.4 (quoting D.C.COLO.LCivR7.1C).)  And, again, briefing ensued.  On August 30, 2012, Plaintiff filed the instant Supplemental Motion for Attorneys [*sic*] Fees.  (Doc. # 24.)  Defendant filed a response on September 20, 2012, to which Plaintiff replied on October 4, 2012 (Doc. # 26).  Both parties also subsequently filed a notice of supplemental authorities

(Doc. ## 27 and 28), as Defendant had done prior to the Court's August 20, 2012 order (Doc. ## 17 and 22).

## II. DISCUSSION

Plaintiff seeks an additional $1,475 – 5.9 hours at $250/hour – for "work performed after January 11, 2012, in this case, the date the Plaintiff's Motion for Attorney's Fees was filed with the Court."  (Doc. # 24 at 2.)  The 5.9 hours listed include the time underlying Plaintiff's earlier request for $780 in fees.  (*Compare* Doc. # 14 at 10, *with* Doc. # 24 at 3.)

As a general matter, "[r]ecovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled."  *Segura v. Midland Credit Mgmt.*, No. 12-cv-00830, 2013 WL 560702, at *4 (D. Colo. Feb. 14, 2013) (unpublished).  The Tenth Circuit has explained that "[i]t is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary."  *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (quotation marks and citation omitted).

However, unless subject to certain exceptions that are inapplicable here, a motion for attorney fees "must . . . be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  Even though Plaintiff's initial motion was timely, she filed the instant motion well after the 14-day limit in Rule 54.  As such, the motion is untimely.  Judge Babcock recently dealt with the precise issue presented here and reached the same conclusion.  *See Miracle Gash v. Client Servs., Inc.*, No. 12-cv-

01426, 2013 WL 1130717, at *4-5 (D. Colo. Mar. 18, 2013) (unpublished).[1]  In finding

Plaintiff's supplemental motion for attorney fees untimely, Judge Babcock explained,

"while courts have allowed untimely supplemental motions seeking attorney fees in

certain circumstances – such as when the local rules allow them or following the

successful opposition of an appeal . . . the circumstances of this case do not lend

toward allowing such motion."  *Id.* at *4.  Likewise, here, the circumstances of the case

do not favor granting Plaintiff's request.

Contrary to Plaintiff's argument – that she "could not have filed the Supplemental

Motion within that timeframe [*i.e.*, within 14 days of the entry of judgment] as the

attorney fees sought in the Supplemental Motion had not been expended at that time"

(Doc. # 26 at 2) – Plaintiff could have complied with Rule 54 in her January 11, 2012

motion by giving a "fair estimate" of the amount of fees she would expend in litigating

the fees issue.  *See Miracle Gash*, 2013 WL 1130717, at *4 ("If Plaintiff wished to seek

fees for the time spent responding to the reply in her initial motion, Rule 54 provides

such a mechanism by allowing a party to provide a 'fair estimate' for the amount of fees

sought." (quoting Fed. R. Civ. P. 54(d)(2)(B)(iii))).  Although Plaintiff's motion requested

"any additional amounts as determined by the Court" (Doc. # 11 at 11), this language is

insufficient as it specifies neither the impetus for, nor any calculation of, such "additional

amounts."  Parties are clearly capable of foreseeing the need to defend fee motions, as

---

[1]   The Court notes that, in addition to the supplemental attorney fees issue in *Miracle Gash*
being on all fours with the one presented in the instant motion, the parties in *Miracle Gash*
were represented by the same firms representing the parties here.  Thus, the Court discerns no
reasonable excuse for why the parties, especially Defendant (for whom Judge Babcock found
on the supplemental fees question), failed to bring *Miracle Gash* to the Court's attention,
particularly in light of their apparent eagerness to file notices of supplemental authorities.

evidenced by the language Plaintiff used in the instant motion.  (*See* Doc. # 24 at 10

(requesting relief from the Court including "any attorney's fees expended by Plaintiff

in reviewing the Defendant's response to this Motion, if any, and to Reply to the

Defendant's Response, if any ").)  They are also often capable of estimating the

expense of doing so especially where, as here, their attorneys have handled an

extremely high number of remarkably similar cases.  (*See, e.g.*, *id.* at 8 ("Plaintiff's

counsel has successfully resolved / litigated over 1,600 FDCPA cases on behalf of

Plaintiffs in the U.S. District Court for the District of Colorado.").)  Essentially, the "any

additional amounts as determined by the Court" language is mere boilerplate, as

even Plaintiff appears to acknowledge.  (*See id.* at 10 (including such language

notwithstanding the above-quoted request for fees likely to be incurred in defending

the instant motion).)

To be sure, as previously indicated, compensation for successfully litigating an

attorney fees issue is generally appropriate and likely would have been here.  However,

lest the Court tumble down the rabbit hole every time it grants fees, a prevailing FDCPA

plaintiff who desires compensation for litigating attorney fees should include a request

for, and "fair estimate" of, such fees in her initial motion.  *See Miracle Gash*, 2013 WL

1130717, at *4 (noting agreement with the defendant that the plaintiff's request "would

seem to have no end point as [plaintiff] could, in theory, continually ask for continued

work in replying to her own motions, and then in filing new ones").  Because Plaintiff

did not do so here and otherwise failed to timely file a supplemental motion for fees, the instant motion is untimely under Rule 54.[2]

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Supplemental Motion for Attorney Fees (Doc. # 24) is DENIED.

DATED:  May   21  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court Judge

---

[2]  Plaintiff insists that she timely filed her supplemental motion because she did so within 14 days of the Court's August 20, 2012 order.  (Doc. # 26 at 3.)  In support of this argument, Plaintiff cites *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007) (unpublished), for the proposition that "the relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees."  (Doc. # 26 at 2-3.)  Although "judgment" under Rule 54 means "any order from which an appeal lies," Fed. R. Civ. P. 54(a), the judgment that required Plaintiff to incur additional fees in the instant case was the December 28, 2011 judgment, which provided for "an additional amount for Plaintiff's reasonable attorney fees . . . in connection with the claims alleged in the herein matter."  (Doc. # 8 at 1.)  As opposed to the movant in *Bernback*, who successfully opposed an appeal (that required him to incur additional fees), Plaintiff in the instant case requested fees, which were based on the underlying litigation and the terms of Defendant's offer of judgment.